**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WINFRED CICERO, JR.,

        Plaintiff-Appellant,

v.

(FNU) MITCHELL, Associate
Warden, USP Leavenworth, UNITED
STATES OF AMERICAN, (FNU)
ASHMAN, Associate Warden, USP
Leavenworth, (FNU) O'CONNOR,
Warden,

        Defendants-Appellees.

Nos. 06-3109 and 06-3162

(D. Kansas)

(D.C. No. 04-CV-3273- SAC)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Winfred Cicero, a federal prisoner proceeding pro se, appeals the district court's dismissal of his amended complaint, which alleged he was unlawfully placed and held in administrative segregation at the United States Penitentiary in Leavenworth, Kansas. The district court determined that Mr. Cicero had not exhausted his administrative remedies for bringing an action *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and had not stated a claim under the Federal Tort Claims Act, 28 U.S.C. § 2875(a) ("FTCA"). Accordingly, the district court dismissed his complaint without prejudice, and denied Mr. Cicero's motion, which he renews before us, to proceed *in forma pauperis* ("IFP"). The district court also denied Mr. Cicero's post-judgment motion to amend his complaint. For the following reasons, we reverse and remand.

## I. BACKGROUND

Mr. Cicero, who identifies himself as a "Sunni Muslim," contends he was retaliated against, deprived of a liberty interest, deprived of his equal protection rights, and deprived of his procedural due process rights when he was sequestered in Leavenworth's Special Housing Unit without notice of charges. In his initial complaint, Mr. Cicero alleged only a violation of the FTCA. The district court noted however that Mr. Cicero could not prevail on such a claim, because (1) he did not exhaust his FTCA claims, and/or (2) his claim for damages for mental anguish were insufficient to state a claim under 42 U.S.C. § 1997(e). The district

court added that Mr. Cicero had exhausted a *Bivens* claim, but had pled it incorrectly: "[P]laintiff documents his full exhaustion of the Bureau of Prisons administrative grievance procedure, which suggests plaintiff may be seeking relief for the alleged violation of his constitutional rights." Rec. doc. 4, at 3 (Dist. Ct. Order, dated Sept. 9, 2004).

In response to the district court's order, Mr. Cicero sought to amend his complaint, to plead a *Bivens* action, and to seek compensatory and injunctive relief. Rec. doc. 13. The case was reassigned to a different district court judge and the district court, after granting Mr. Cicero's motion to amend, dismissed the *Bivens* claim, reasoning that Mr. Cicero failed to "exhaust [his] administrative remedies on any claim of racial discrimination, and his bare allegation of defendants' discrimination neither satisfies nor excuses this statutory exhaustion requirement." Dist. Ct. Order at 3, filed March 7, 2006. The district court also dismissed the FTCA claim because (1) Mr. Cicero's complaint contained a mixture of exhausted and unexhausted claims pursuant to 28 U.S.C. § 1997e(a); and (2) Mr. Cicero could not satisfy § 1346(b)(2)'s requirement action that such an action show physical injury. On April 7, 2006, Mr. Cicero attempted to amend his complaint once more. The district court denied this motion.

## II. DISCUSSION

We review de novo a district court's dismissal for failure to exhaust administrative remedies under § 1997e(a). *See Jernigan v. Stuchell*, 304 F.3d

1030, 1032 (10th Cir. 2002). Liberally construing Mr. Cicero's pleadings, as we must, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir.1998), Mr. Cicero contends that the six-week segregation was (1) a retaliatory act that (2) violated his right to equal protection based on his religious beliefs as a Sunni Muslim. He also alleges that (3) this liberty interest deprivation was inflicted without (4) procedural due process in violation of the Fourteenth Amendment. Rec. doc. 13, at 6-7, Amended Complaint, filed June 6, 2005. ("Plaintiff received no order of detention for breaking any bureau rules or pending an investigation,. . . . [The Warden] ordered that all Muslims be taken into custody [which was] a discriminative act . . . . [P]laintiff's constitutional rights were violated because he was taken into custody solely because of his beliefs in Islam and the fact that he was a Muslim.").

We disagree with the district court's decision to dismiss Mr. Cicero's *Bivens* claim for failure to "pursue and exhaust administrative remedies on any claim of racial discrimination." Dist. Ct. Order at 3, filed March 7,2006. We see no allegation regarding racial discrimination in Mr. Cicero's amended complaint. Rec. doc. 13.

Additionally, as the first district court judge had previously determined, in its September 9, 2004 Order, Mr. Cicero has provided documentation establishing

that he exhausted his *Bivens* claim.[1]  Rec. doc. 4, at 3 ("Plaintiff documents his

full exhaustion of the Bureau of Prisons administrative grievance procedure . . .

.").  The amended complaint makes no reference to a claim under the FTCA.

Moreover, Mr. Cicero's appellate brief and his post-judgment motion to amend

indicate that when Mr. Cicero amended his complaint pursuant to the district

court's suggestion he intended to change "F.T.C.A." to "*Bivens*" throughout the

complaint.  *See* Rec. doc. 25, at 2 ("Amendment," filed April 7, 2006).

## III. CONCLUSION

Accordingly, we REVERSE the district court's order dismissing Mr.

Cicero's complaint and REMAND to the district court so that the district court

may evaluate Mr. Cicero's claim that he was retaliated and discriminated against

---

[1] Specifically, the record indicates that Mr. Cicero filed an Informal Attempt to Resolve on July 22, 2004 informing staff at Leavenworth of his due process rights when he was placed in the Special Housing Unit ("I was only locked down because I was a Muslim."). Rec. doc. 1, attachments. On July 27, 2004, he filed a Form BP-9 with the warden ("I was locked down . . . upon my answering [as to my religious preference]. I was escorted to [Special Housing Unit] without rec[ei]ving any lock-up papers."). On August 19, 2003, he filed Form BP-10 with the Regional Office ("[A]ll of the other prisoners that arrived with me were admitted to population . . I [did not] rec[ei]ve a detention order. Once I answered [] I was Muslim, the interview was over and I was taken to the [Special Housing Unit]."), and on November 22, 2003, he filed a form with the Central Office Administrative Remedy Appeal ("when I apprised staff that I was Muslim, I was detained and escorted to [Special Housing Unit], because of an incident that occur[r]ed prior to my arrival"). *Id.*, attachments to Complaint. There is no question that Mr. Cicero's filings satisfactorily "alert[ed] the prison to the nature of the wrong for which redress is sought." *Kikumura v. Osagie,* 461 F.3d 1269, 1283 (10th Cir. 2006) (quoting *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002)).

when he was placed into administrative segregation based upon his status as a Muslim. We GRANT Mr. Cicero's motion to proceed IFP and remind Mr. Cicero that he must continue making partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court,

Robert H. Henry
Circuit Judge